# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

v.

Christine Michelle Anderson

July 8, 2015

Case No. CR15000293-00

BY JUDGE J. OVERTON HARRIS

This matter is before the Court upon Defendant's Motion To Suppress. At the hearing on July 7, 2015, the Court took evidence and heard argument. At the conclusion of the hearing, the Court took the matter under advisement. Following a thorough review of the pleadings, the arguments of counsel, and the applicable law, the Court finds as follows.

## I. *Facts*

On December 19, 2014, the Defendant was a passenger in a vehicle traveling on Route 1 in Hanover County. Officer B. W. Carroll of the Hanover County Sheriff's Department stopped the vehicle based upon his reasonable suspicion that the vehicle was traveling at an excessive speed. When the officer approached the vehicle, he requested and received a driver's license and vehicle registration from the driver. While investigating the traffic stop, the officer had no articulable suspicion of any other criminal behavior taking place inside the vehicle.

The officer returned to his vehicle to verify the information provided to him by the driver. Before deciding whether to issue a ticket to the driver, the officer returned to the vehicle. At this point, the officer asked the driver if the vehicle contained any contraband. The driver said no. The officer then asked the driver if he could search the vehicle. The driver said yes, and the officer asked all passengers, including the Defendant, to step out of the car. While some facts are disputed, it is at this point that it is alleged by the Commonwealth that the Defendant gave her consent for the officer to search her bag. The officer searched the Defendant's bag and found an unlabeled pill bottle. Upon opening the pill bottle, the officer found a

substance he believed to be marijuana. The duration of the traffic stop was approximately thirty minutes.

## II. *Applicable Law and Analysis*

At the hearing, Defendant argued that a passenger in a vehicle is also seized during a traffic stop and may challenge the constitutionality of the seizure, citing the case *Brendlin v. California*, 551 U.S. 249 (2007). Having asserted Defendant's standing to challenge the detention of the vehicle (without objection from the Commonwealth), Defendant argued that she and the other passengers were improperly seized by the officer, thus negating any consent to search. The Defendant relied on the most recent applicable case from the U.S. Supreme Court, *Rodriguez v. United States*, 575 U.S. ___, 135 S. Ct. 1609 (2015). In that case, the Court expressly held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Id*. at 1612. "A seizure justified only by a police-observed traffic violation, therefore, become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation." *Id*.

The Commonwealth argued that, because the traffic stop was lawful, the officer was authorized to ask the driver and any passengers about contraband in the vehicle, even if such matters were unrelated to the traffic stop. The Commonwealth is correct that the Fourth Amendment does tolerate certain unrelated investigations to take place during a routine traffic stop, subject to a durational limitation. In *Arizona v. Johnson*, the Supreme Court held that "an officer's inquiries into matters unrelated to the justification for the traffic stop do not convert the encounter into something other than a lawful seizure, so long as the inquiries do not measurably extend the stop's duration." *Arizona v. Johnson*, 555 U.S. 323, 325 (2009).

Thus, the issue before the Court is whether the detention of the Defendant was measurably prolonged beyond the time reasonably required to complete the mission of the stop by the officer's inquiries into the existence of contraband in the vehicle. The Court finds that the officer impermissibly extended the detention of the Defendant to open a new investigation that was unsupported by reasonable articulable suspicion. The officer testified at the hearing that, upon investigating the original traffic stop, he had formed no articulable suspicion of any criminal activity in the car, such as the smell of marijuana, furtive movements, or evidence of intoxication. In addition, the officer gave no reason in support of this new inquiry regarding contraband, other than the fact that he asks such questions as a part of his personal routine during each and every traffic stop.

Once the officer found no additional indicia of criminal activity and returned to his vehicle, the detention had reached the durational limits of a justifiable seizure for a routine traffic stop. At that point, the law afforded

the officer with several courses of conduct. One option was for the officer to issue a ticket to the driver for his use of excessive speed. The officer also had the discretion to let the driver go free with a warning. While the officer was free to investigate criminal activity that was supported by reasonable articulable suspicion, the evidence before the Court is that the officer continued the traffic stop solely to investigate for contraband in the vehicle without such suspicion.

The Commonwealth argued at the motion hearing that the traffic stop investigation was still ongoing at the time the Defendant consented to the search of her personal effects, because the officer had not yet issued a ticket. Following *Rodriguez*, however, the critical fact is not when the inquiry took place, but whether that inquiry prolonged the traffic stop. *Id*. at 1616. ("The critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket … but whether conducting the sniff prolongs, i.e., adds time to, the stop."). Applying this principle to this case, the Court finds that the officer's investigation into contraband prolonged the stop beyond the time in which the tasks related to the traffic infraction were or should have been completed.

The Court finds that seizure of the Defendant was unlawful, because the officer detained Defendant beyond the time reasonably required to complete the mission of issuing a ticket for the speeding violation. In the absence of independent articulable suspicion to justify the continued detention of the vehicle, the Court finds that Defendant was unreasonably seized by the officer in violation of the Fourth Amendment. As a result, the evidence found during the unlawful seizure must be suppressed.

### III. *Conclusion*

For the reasons articulated in this letter opinion, the Court grants Defendant's Motion To Suppress.